(C.D. 2637)

GEORGE J. YOUNG, A/C MV CALIFORNIA CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 24, 1966)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

DONLON, Judge: Paragraph 1312, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108), provides as follows:

Manufactures of filaments, fibers, yarns, or threads,
    of rayon or other synthetic textile, and textile
    products made of bands or strips (not exceeding 1
    inch in width) of rayon or other synthetic textile,
    all the foregoing, wholly or in chief value of rayon
    or other synthetic textile, not specially provided
    for (except gill nets or netting) _____  25¢ per lb. and
                                                         30% ad val.

The protest now before us accepts classification under paragraph 1312 and challenges only the weight, or number of pounds, on which the collector at Los Angeles laid specific duty of 25 cents per pound.

The merchandise of this suit is described as 15 bales of fish nets, manufactures of nylon. It was entered in February 1959. Nylon, since the 1958 amendment of paragraph 1313 (P.L. 85–645, 72 Stat. 602), is a synthetic textile within the enumeration of modified paragraph 1312. *Robert E. Landweer & Co., Inc., et al.* v. *United States*, 52 Cust. Ct. 122, C.D. 2448.

(Plaintiff's counsel says that there is pending another protest, challenging classification of this entry under paragraph 1312. Protest 61/21244 is the protest to which counsel seems to allude. This protest was abandoned by order entered November 5, 1965. However, it claimed that these fishing nets are dutiable either under paragraph 923, by similitude to manufactures of cotton, or under paragraph 1558 as nonenumerated articles. Neither of those paragraphs lays a specific duty by weight, as paragraph 1312 does. The merchandise before us was entered on February 17, 1959, subsequent to the amendment of paragraph 1313 by Public Law 85–645, approved August 14, 1958, effective 30 days thereafter. (T.D. 54676.) Paragraph 1313 defines the textiles that are enumerated in paragraph 1312. We note that it is the gist of the protest before us for decision that plaintiff concedes classification under paragraph 1312 as proper, and claims only that the classification has been applied erroneously as to the weight which is subject to the specific duty.)

The facts here of record are not in dispute. As part of processing the nets in Japan to meet sales specifications, the manufacturer impregnated the nets with tar. Fishing nets are ordered either as white nets, that is, without tar; or as tarred nets. The final stage of processing tarred nets is described as follows: the net is immersed in a tank, tar is poured into the tank until the net is entirely covered, then the tar is drained off, the tank is centrifically rotated to throw off excess tar, and the net is dried on a rack.

Tarred nets cost more than untarred, or white, nets. They weigh more. The object of tarring is to make the net stiffer, a quality that some fishermen prefer. Which kind of net is ordered from the manufacturer is a matter of the preference of the fisherman who is to use the net.

The question simmers down to this: what is the imported *manufacture* of nylon on which specific duty under paragraph 1312 is to be laid? Is it the tarred net, as it was imported? Or is it the untarred net in Japan before it was subjected, as the final stage of manufacture, to the process of tarring?

We do not find helpful those cases, cited in the briefs, which discuss imported articles packed in materials that were shown in the several records not to be part of the useful imported article. Here the evidence is otherwise. These tarred nets were used as tarred nets. There is no issue before us as to specific duty laid on so-called packing materials.

It is observed that paragraph 1312 recognizes that manufactures enumerated therein may include materials other than the described synthetic textiles. The test is whether the synthetic material is the material of chief value. Here plaintiff advances no argument that nylon is other than the material in chief value in these nets.

In deciding what, in law, is the manufacture, in chief value of nylon, here imported, the briefs offer little assistance. However, the fact, shown by the record before us, is that the articles imported are tarred fishing nets. The evidence is that there are two distinct types of fishing net manufactures: one is the white nets, untarred, and the other is the tarred nets. Nets are so designated distinctively and are bought and sold as such, respectively, in the trade and commerce of the United States.

Perhaps the closest case in point is *United States* v. *Paar*, 14 Ct. Cust. Appls. 301, T.D. 41911. There the issue was whether an imported article was a manufacture of gelatin. It appeared that thin sheets of gelatin had been coated with hydrochloric acid to make the gelatin insoluble and that this treatment rendered the gelatin inedible. It was the Government's position in *Paar* that the processing went no further than to coat sheets of gelatin with hydrochloric acid, so that it remained gelatin in sheets. Plaintiff claimed that the imported article was a manufacture of gelatin.

The trial court found for plaintiff, and the appeals court affirmed, saying:

\* \* \* After receiving the hydrochloric dip it [the gelatin] was dedicated to a use differing from some of the uses to which it was suitable prior to the treatment. It was more than gelatin. \* \* \*

We think the rule is well established that a manufacture is an article that has been, by a manufacturing effort or process, advanced and changed from its original condition so that it takes on the characteristics of a different article, or has attained a different name or use. In other words, it must pass from its original condition to a different condition which may be distinguished by a different name or a different character or use. *Ishimitsu Co.* v. *United States*, 11 Ct. Cust. Appls. 186, T.D. 38963; *Anheuser-Busch Brewing Association* v. *The United States*, 207 U.S. 556. What constitutes a manufacture has been so often passed upon by this and other courts as to obviate the necessity of prolonged citation. [*Paar, supra*, pp. 303, 304.]

To paraphrase this opinion of our appeals court, we find that after these nets had received the tar dip they were known by a different name. They were dedicated to a use differing in at least one known respect from the uses to which they were suitable prior to treatment with tar, namely, use by those fishermen requiring in their work a stiffer net than a white net is. They had become a different article, a tarred fishing net.

Paragraph 1312 lays specific duty on the weight of the imported manufacture, whatever it is. On the record before us, we hold that the imported articles here are tarred fishing nets, of which nylon is the component material of chief value, and that specific duty under paragraph 1312 was properly assessed on the weight, by pounds, of the tarred nets.

The protest claim is overruled.

Judgment will be entered accordingly.